IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| NATASHA ATHENS, | § § | |
| *Plaintiff,* | § § § | SA-23-CV-00934-FB |
| vs. | § § | |
| GEORGE COPIDAS, INSURANCE COMMISSIONER; | § § § § | |
| *Defendant.* | § § | |

**ORDER**

  This Order concerns the above-styled cause of action.  All pretrial matters in this case have been referred to the undersigned for disposition pursuant to Western District of Texas Local Rule CV-72 and Appendix C [#4].  The undersigned has authority to enter this non-dispositive order pursuant to 28 U.S.C. § 636(b)(1)(A).  For the reasons set forth below, the Court will transfer this case to the District of New Hampshire due to improper venue.

**I. Background**

  Plaintiff Natasha Athens, who is proceeding *pro se*, filed this action against George Copidas, the Insurance Commissioner for the State of New Hampshire, alleging violations of the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act") and other statutes and common law.  Plaintiff contends that Commissioner Copidas improperly retained funds designated as federal aid for businesses, resulting in the destruction of Plaintiff's small business based in New Hampshire during the COVID-19 pandemic, which caused her to have no choice but to move to Texas.  Plaintiff contends that Commissioner Copidas's office lied to her for months and purposefully stalled her request for benefits, where other businessowners received

1

funds in a timely fashion.  Plaintiff is seeking by this lawsuit compensation she believes she was owed beginning in March 2020, damages related to the loss of her business, and moving costs related to her move to Texas.

Plaintiff requested issuance of summons when she filed her suit, and summons was issued.  No formal return of service has been filed, but Plaintiff has filed several advisories to the Court stating that she served Defendant.  Plaintiff has filed several motions, asking the Court to enter a default judgment against Defendant and requesting the issuance of subpoenas to an individual at the New Hampshire Commissioner's office that Plaintiff believes will help prove that Defendant has been served.

Because the Court has concerns about Plaintiff's choice of venue in this case, the Court will review whether venue is proper under the governing federal venue statute.

## II.  Analysis

A district court may raise the issue of venue *sua sponte*.  *Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761 (5th Cir. 1989).  If a civil action is filed in an improper venue, the district court may dismiss the action or, if it is in the interests of justice, transfer the case to any district or division in which it could have been brought.  28 U.S.C. § 1406(a).

A civil action may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located or (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated.  28 U.S.C. § 1391(b).  If there is no district in which an action may otherwise be brought as provided by the statute, venue is proper in any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.  *Id.* at § 1391(b)(3).

There is only one Defendant in this action—the Insurance Commissioner of the State of New Hampshire in Concord, New Hampshire.  Commissioner Copidas does not reside in the State of Texas.  Nor is there any allegation in the Complaint related to any violation of the CARES Act or other law occurring in the State of Texas.  Plaintiff alleges she had a small business in downtown Concord, New Hampshire; she requested emergency funds from the State of New Hampshire; and she did not receive those funds.

Plaintiff's Complaint alleges that a substantial part, if not all, of the events or omissions giving rise to the claim occurred in New Hampshire, not Texas.  Subsection (b)(3) of the venue statute only applies if there is no district in which venue is proper.  Plaintiff could have filed this lawsuit in the District of New Hampshire, the district in which the only Defendant lives and the events or omissions underlying this case occurred, so the Court need not determine whether this Court has personal jurisdiction over Commissioner Copidas because Subsection (b)(3) does not apply.

Because venue is not proper in this Court under any provision of Section 1391(b), this Court must either dismiss Plaintiff's suit or transfer it to a judicial district in which venue is proper pursuant to 28 U.S.C. § 1406(a).  Section 1406(a) "is amply broad enough to authorize the transfer of cases, however wrong the plaintiff may have been in filing his case as to venue, whether the court in which it was filed had personal jurisdiction over the defendants or not." *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466 (1962).  Thus, when it is in the interests of justice, Section 1406(a) allows that "the complaint not be dismissed but rather that it be transferred in order that the plaintiff not be penalized by . . . time consuming and justice-defeating technicalities." *Id.* at 467 (internal quotations omitted).

It is in the interests of justice to transfer this case rather than to dismiss it. From the face of Plaintiff's Complaint, it appears that Defendant resides in New Hampshire and the events underlying this case occurred in New Hampshire. New Hampshire has just one judicial district, the District of New Hampshire. Accordingly, the Court will transfer this case to the District of New Hampshire.

**IT IS THEREFORE ORDERED** that this case be **TRANSFERRED** to the District of New Hampshire.

SIGNED this 3rd day of October, 2023.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE